IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SERGIO MARTINEZ-CORONA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00132-O-BP |
| § | |
| HOOD COUNTY DISTRICT § | |
| ATTORNEY'S OFFICE, *et al.*, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sergio Martinez-Corona ("Corona"), an inmate confined in the Joe F. Gurney Unit of the Texas Department of Criminal Justice ("TDCJ") in Palestine, Texas, brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITH PREJUDICE** Plaintiff's civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii). The undersigned further **RECOMMENDS** that to the extent Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims also should be **DISMISSED WITH PREJUDICE**, but Corona should be permitted to reassert those claims when the conditions under *Heck* are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

### BACKGROUND

When Corona initiated this suit, he was confined in the Hood County Jail in Granbury, Texas, on a charge of assault against a family member under the Texas Penal Code § 22.01. (ECF

No. 10 at 9). The charge was enhanced to a third-degree felony under section 22.01(b)(2)(A) based on his March 2007 conviction for assault against a family member. (*Id.* at 1, 8, 9). Corona was convicted and sentenced to five years confinement on October 3, 2018. (*Id.* at 1). After filing his complaint, Corona filed two supplements containing wide-ranging allegations in support of his claims. (ECF Nos. 7, 8). The Court issued a questionnaire to Corona on October 18, 2018 seeking clarification of his claims. (ECF No. 9). Corona answered the questionnaire, which was filed on November 8, 2018. (ECF No. 10).

Corona has sued the Hood County District Attorney's Office, the Hood County Sheriff's Office, Associate Warden Reese, Investigator Frank Benitez, and Lieutenant Rose. (ECF No. 1 at 2–3). In his questionnaire answers, Corona also makes claims against Hood County District Attorney Robert Christian and Assistant District Attorney Ryan Sinclair. (ECF No. 10 at 4). Corona's pleadings contain allegations concerning the cause of his incarceration and indictment; a potential conflict of interest between Benitez and the victim of Corona's assault; failure to investigate certain actions related to a witness in his criminal case, including an alleged threat made by Lieutenant Rose; and prosecutorial bias, negligence, and breach of duty.

## LEGAL STANDARD

Because Corona is proceeding *in forma pauperis* and is a prisoner or pretrial detainee who has sued a government entity or employee of a government entity, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–

27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To aid the court in determining whether it should dismiss an *in forma pauperis* complaint, the United States Court of Appeals for the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996). Accordingly, the Court has reviewed Plaintiff's Original Complaint (ECF No. 1), Verified Responses to the Court's Questionnaire (ECF No. 10), and Supplements (ECF Nos. 7, 8).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

**A.     Application of *Heck v. Humphrey*, 512 U.S. 477 (1994)**

Several of Corona's claims relate to the constitutionality of his conviction. To the extent that Corona seeks to challenge the criminal prosecution against him, the instant complaint must be dismissed unless he demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas

corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Dismissal pursuant to *Heck* should be with prejudice, precluding a plaintiff from reasserting such claims unless he can demonstrate that the *Heck* conditions have been satisfied. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 1994). Further, claims barred by *Heck* are legally frivolous unless the *Heck* conditions are met. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)

**B.     Claims against the District Attorney's Office, District Attorney Chastain, and Assistant District Attorney Sinclair**

Corona claims that the indictment returned on his most recent conviction is invalid, (ECF Nos. 8 at 3; 10 at 4; 8, 18–22), and that the Hood County District Attorney's Office, comprising Chastain and Sinclair (the "DAs"), wrongfully charged him (ECF Nos. 7 at 3–5, 8 at 3–5; 10 at 4). Corona's claim that the indictment is invalid necessarily implicates the validity of his conviction. Thus, this claim should be dismissed unless he can show that his conviction has been reversed, invalidated, or expunged prior to bringing the instant action. *Hamilton*, 74 F.3d at 103. Questions two and three contained in the Court's Questionnaire specifically asked Corona these *Heck*-related questions, but he failed to fully respond to them. (ECF No. 10). Further, a review of the state court docket shows that Corona has filed an appeal of his case to the intermediate appellate court. *See* TAMES Search, http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search Trial Court Case No: cr-13984). Accordingly, Corona's civil rights claim related to the allegedly invalid indictment should be dismissed with prejudice under *Heck*.

Corona also alleges that the Hood County District Attorney's Office and the DAs committed several errors during the prosecution of his case, including that the indictment was issued in a biased and prejudicial manner, and the DAs acted negligently or otherwise failed to

comply with their official duties. (*See* ECF Nos 7 at 5–7, 18–19, 2–26; 8 at 5–6; 10 at 3–4). Corona also complains about the length of his pretrial detention. (ECF No. 10 at 5).

Corona's claims against the Hood County District Attorney's Office should be dismissed because that office is not a jural entity capable of being sued. *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) ("A county district attorney's office is not a legal entity capable of suing or being sued."). Further, Corona has not alleged facts showing that the state of Texas or another political subdivision has authorized it to be sued. *Barrie v. Nueces Cty. Dist. Attorney's Office*, No. 18-40513, 2018 WL 5095824, at *3 (5th Cir. Oct. 17, 2018) (per curiam) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). Moreover, in Texas, § 1983 claims for prosecutorial misconduct are properly brought against the state. *Brown v. City of Houston*, 297 F. Supp. 3d 748, 768 (S.D. Tex. 2017). Accordingly, all claims against the Hood County District Attorney's Office have no arguable basis in law and should be dismissed with prejudice as frivolous.

Corona's claims against Chastain and Sinclair in their official capacities as district attorneys likewise should be dismissed. Corona's allegations of bias and prejudice, negligence, and breaches of duty concern the propriety of his indictment and conviction. He alleges that the DAs used false accusations to indict him and ignored allegedly favorable evidence to convict him. (ECF No. 10 at 3–4). Construing his claim of bias and prejudice as one for malicious prosecution necessarily implies the invalidity of his conviction. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Thus, it is barred by *Heck* and should be dismissed with prejudice.

To the extent Corona's claims are not barred by *Heck*, absolute immunity protects district attorneys from liability in a civil rights suit for actions taken in their roles as a prosecutor "in preparing for the initiation of judicial proceedings and in carrying the case through the judicial

process." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 639 (N.D. Tex. 2007). Absolute immunity shields a district attorney from liability even if he or she has acted "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985) (per curiam). Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Florance*, 500 F. Supp. 2d at 639 (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)). Corona's claims challenge the actions of the DAs in their capacity as district attorneys and no actions outside of that role. Accordingly, those claims are barred by absolute immunity because the DA's actions are "intimately associated with the judicial phase of the criminal process." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Accordingly, Corona has failed to state a claim against the DAs, and those claims should be dismissed with prejudice. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam) (affirming claims should be dismissed with prejudice against defendants with absolute immunity, such as judges and prosecutors).

Corona's claim related to the length of his pretrial detention also should be dismissed. Corona's pretrial confinement at the Hood County Jail began on February 21, 2018. (ECF No. 8 at 1). He was convicted and sentenced on October 3, 2018. (ECF No. 10 at 1). A determination that 225 days of pretrial detention violated his right to a speedy trail would necessarily implicate the validity of his conviction. *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009) (per curiam). Thus, Corona's speedy trial claim based on the length of his pretrial detention is barred by *Heck* and should be dismissed with prejudice.

**C.     Claims against Investigator Benitez**

Corona alleges that Benitez had a "friendship" relationship from high school with the victim in his case. He alleges further that this relationship constituted a conflict of interest that

caused Benitez to not fully investigate the case, to hide favorable evidence, and to ultimately bring false allegations against him. (ECF No. 1 at 4; 10 at 25). Corona's allegations are premised on allegedly false testimony, missing evidence, and inadequate investigation. If true, these allegations would necessarily invalidate Corona's conviction. *See, e.g.*, *Wiley v. Darnell*, No. CIV.A. 5:03-CV-078-C, 2004 WL 1196070, at *4 (N.D. Tex. June 1, 2004) (concluding plaintiff's complaints about "false charges, false investigations, his false arrest, lying witnesses, police misconduct during his criminal proceedings, attorney ineffectiveness during his criminal proceedings, prosecutorial misconduct during his criminal proceedings, and judicial misconduct during his criminal proceedings" necessarily implicate the validity of his criminal conviction and are barred by *Heck*). Accordingly, Corona's claims against Benitez should be dismissed with prejudice.

**D.     Claims against Lieutenant Rose**

Corona states that he went to the Hood County Sheriff's Office to report claims against his ex-wife, but his reports were no investigated. (ECF No. 1 at 4; 10 at 26). He alleges that his wife sent other people to his house to destroy property, harass him, and make terroristic threats to him. (*Id.*). Further, he claims that Rose approached him and, in a threatening manner, asked him to leave. (*Id.*). He claims that Rose insinuated that if he did not leave the sheriff's office, Rose would physically harmed him. (ECF No. 1 at 4).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Here, Corona has not alleged any facts showing that he was deprived of a constitutional right. *See Parker v. Moreno*, No. 3:01CV1283-D, 2002 WL 1758181, at *3 (N.D. Tex. July 26, 2002) (concluding plaintiff's claims of "harassment, racial

7

profiling, obstruction of justice, and physical and verbal abuse other than that related to the claimed police brutality" failed to allege facts showing the deprivation of a constitutional right); *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."). Accordingly, Corona's claim against Rose has no arguable basis in law and should be dismissed with prejudice as frivolous.

### E. Claims against the Hood County Sheriff's Office and Warden Reese

Corona's claims against the Hood County Sheriff's Office and Reese also should be dismissed. Corona alleges that Reese declined to investigate the multiple reports that he made concerning his ex-wife. (ECF No. 1 at 4; 10 at 27–28). Part of the relief that Corona seeks from the Court is an order to the Hood County Sheriff's Office to open an investigation about these claims against his ex-wife. (ECF No. 1 at 5; 10 at 28). However, Corona has no constitutional right to demand that Reese or the Hood County Sheriff's Office initiate an investigation. *Ross v. Hutchins Police Dep't*, No. 3:09-CV-0168-M, 2009 WL 1514364, at *3 (N.D. Tex. May 29, 2009) ("The failure or refusal of a law enforcement agency to investigate or seek criminal charges against an individual does not state a cognizable claim under § 1983."). Accordingly, Corona's claims against Reese and the Hood County Sheriff's Office have no arguable basis in law and should be dismissed with prejudice as frivolous.

### CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITH PREJUDICE** Plaintiff's civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii). The undersigned further **RECOMMENDS** that to the extent Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S.

477 (1994), those claims also should be **DISMISSED WITH PREJUDICE**, but Corona should be permitted to reassert those claims when the conditions under *Heck* are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 1, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE